**IN THE COURT OF APPEALS OF IOWA**

No. 24-0612
Filed July 3, 2024

**IN THE INTEREST OF L.M.,**
**Minor Child,**

**S.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Britt Gagne of Gagne Law Office, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and

guardian ad litem for minor child.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to her daughter. She argues the State failed to establish grounds for termination, termination is not in the best interest of the child, and a close parent-child relationship warrants the application of a permissive exception to termination.

## I.  Background Facts and Prior Proceedings

L.M., born in April 2022, is the biological child of appellant mother. L.M. was born into a family that had already been the focus of the Iowa Department of Health and Human Services (HHS) due in part to her mother's drug use and domestic violence with the child's father.[1]  Although HHS had closed a case relating to the family before her birth, L.M. was born positive for methamphetamine and amphetamine. HHS again initiated involvement with the family.

In May, the mother refused to provide a drug screen to HHS. As a result, L.M. was formally removed from the mother's custody, and custody was placed with the maternal grandmother. But after it was discovered that the grandmother was allowing the mother to care for the child in the grandmother's absence, L.M.'s custody was placed with HHS, for foster care placement. She was adjudicated a child in need of assistance (CINA) in August. A dispositional hearing was held later that month. The mother continued to struggle with substance use, and the court found she had lied about her usage. The mother completed inpatient care in November and entered out-patient care the same month.

---

[1] The father's parental rights were also terminated. He does not appeal.

A review hearing was held in December. The court observed that the mother was making progress, but some issues persisted. The court found the mother needed to demonstrate an ability to remain sober in the community and address her issues with unhealthy relationships before L.M. could be returned.

An uncontested permanency hearing was held in May 2023. L.M. was returned to the mother. But only a few months later, the State filed a motion to modify in August after the mother admitted to relapsing, and the father was arrested at her home following an altercation with one of her other children. The court granted the modification, and L.M. was again removed from her mother's custody. She was placed in relative care.[2] HHS filed a termination petition in November 2023.

At the termination hearing held in January 2024, the court observed the mother's appearance had changed significantly over the last year, with the court describing her at the termination hearing as "gaunt." The mother admitted to relapsing in August 2023 and that she had been using methamphetamine two or three times, every other week. She was attending substance-use treatment and had been diagnosed with stimulant use disorder, moderate. As part of her treatment, she was required to attend group treatment sessions twice a week, but in the three weeks leading up to the termination hearing, the mother attended only once a week. She had also missed the last several individual sessions. The mother conceded that she could not safely parent while she was using methamphetamine,

---

[2] This placement had adopted L.M.'s sibling.

but she believed the child could be placed with her if safety precautions were in place, such as inpatient treatment.

The court, highlighting that the mother had been offered extensive services and was not yet in a position to safely parent L.M., terminated her parental rights pursuant to Iowa Code section 232.116(1)(h) and (*l*) (2023).  The mother appeals.

## II.  Standard of Review

"In termination-of-parental-rights cases, we review the proceedings de novo."  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Clear and convincing evidence of grounds for termination is necessary to uphold termination.  *Id.*

## III.  Analysis

The mother asserts the State failed to establish grounds for termination by clear and convincing evidence, termination is not in the best interests of the child, and a permissive exception should be applied to preclude termination.

> Termination of parental rights under chapter 232 follows a three-step analysis.  First, the court must determine if a ground for termination under section 232.116(1) has been established.  If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights.  Third, if the statutory best-interest framework supports termination of parental rights, the court must consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights.

*Id.* at 706–07 (citations omitted).

A. Grounds for Termination

The mother's parental rights were terminated under Iowa Code section 232.116(1)(h) and (*l*).  "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."  *Id.* at 707.  Because we conclude clear and convincing evidence exists for termination under section 232.116(1)(h), we limit our discussion to that ground.

Under section 232.116(1)(h), the court may order termination if:

> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

There is no dispute that the child is three years of age or under, that the child has been adjudicated CINA, or that the child has been removed from her mother's custody for at least six of the last twelve months.  But the mother argues the child could have been returned to her custody.

Section 232.116(1)(h)(4) requires that the child cannot be returned to their parents' custody "at the present time."  "At the present time" is applied at the time of the termination hearing.  *See In re A.S.,* 906 N.W.2d 467, 473 (Iowa 2018).  We conclude there was clear and convincing evidence L.M. could not be returned to the custody of the mother at the time of the termination hearing.  The mother admitted she was actively using methamphetamine, stating she last used six days before the hearing and admitting she used roughly once a week.  "[U]nresolved,

severe, and chronic drug addiction can render a parent unfit to raise children." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). And our supreme court has recognized leaving small children in the care of a methamphetamine addict is hazardous. *See id.* The mother agreed she could not safely parent L.M. while she was actively using methamphetamine, but she asserted if L.M was returned to her she would stop using methamphetamine. Over the course of this case, the mother oscillated between periods of sobriety and substance use, including relapsing after L.M. was returned to her custody in 2023. She has not demonstrated an ability to remain sober, even when L.M. is in her custody.

The mother also argues she is still actively involved in services and that if she was in inpatient care, she could safely parent L.M. But the mother has been offered services for about two years since L.M.'s birth and has been unable to maintain sobriety. Recent efforts and promises of progress do not guarantee a likelihood of resolution considering her past relapses. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (finding a parent's efforts before termination were "too late" in light of eighteen unsuccessful months of services); *In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021) ("A long history of substance abuse, repeated relapses, and demonstrated inability to maintain sobriety outside a supervised setting demonstrates the children could not have been returned to her care at the time of the termination hearing.").

There is clear and convincing evidence that L.M. could not be returned to the mother at the time of the termination hearing.

B. Best Interests

The mother argues termination is not in the best interests of the child. "When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *M.W.*, 876 N.W.2d at 224 (quoting Iowa Code § 232.116(2)).

Importantly, "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). L.M. has been subjected to multiple removals. She has been returned to her mother's custody, only for her mother to relapse. This is not permanency. And this is not in the best interests of the child. *See id.* The mother's repeated failed efforts to move past her substance use deprive L.M. of stability. *See W.M.*, 957 N.W.2d at 314 ("[W]e cannot deprive these children of a stable home on the hope that Mom will someday be able to succeed in her efforts to remain sober."). Termination is in the best interests of L.M.

C. Permissive Exception

The mother also argues a permissive exception should have been applied to preclude termination due to the closeness of her relationship with L.M. Iowa Code section 232.116(3)(c) allows "[t]he court need not terminate the relationship between the parent and child if . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." But importantly, "The factors weighing against

termination in section 232.116(3) are permissive, not mandatory," and "[t]he court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). Further, once a ground for termination is established, the parent bears the burden of demonstrating the court should apply an exception. *A.S.*, 906 N.W.2d at 476.

The juvenile court found that, considering L.M.'s young age and time spent out of parental custody, the application of a permissive exception was not warranted. We agree. A child's young age and limited time spent in parental custody limits the bond they may have with a parent. *Id.* at 475. ("Any bond that exists between the parents and the child in this case is limited considering the child's young age and the time he has spent out of their care."). Testimony at the termination hearing established that L.M. was observed as being "more comfortable" with placement than with the mother. Stability in placement can weigh against an application of this exception. *See M.W.*, 876 N.W.2d at 225.

Further, the mother was required to prove by clear and convincing evidence that termination would be detrimental to the child due to the closeness of the parent-child relationship. *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). Considering the child's age and time out of her mother's custody, in combination with the mother's continued struggles with substance use and the lack of evidence that termination would be detrimental to the child, the application of an exception to termination is unwarranted.

**IV. Conclusion**

Clear and convincing evidence exists to support termination under section 232.116(1)(h), termination is in the best interests of the child, and the application of a permissive exception is unwarranted.  We affirm.

**AFFIRMED.**